| | | |
|---|---|---|
| IN RE: | § | **CASE NO. 18-52420-rbk** |
| **TRESHA-MOB, LLC,** | § | |
| **Debtor** | § | **CHAPTER 11 PROCEEDING** |

## FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION

## OF TRESHA-MOB, LLC

TRESHA-MOB, LLC (hereinafter the "Debtor") proposes the following First Amended Chapter 11 Plan of Reorganization (the "Plan") pursuant to the provisions of Chapter 11 of the Bankruptcy Code:

## SUMMARY OF PLAN

The Plan provides for the payment and/or satisfaction of the Allowed Claims of all Administrative Claims, Allowed Priority Claims, Allowed Secured Claims (including, but not limited to, Allowed Claims of Ad Valorem Taxing Authorities) and Allowed Claims of Unsecured Creditors. Under the Plan, the Administrative Claimants with Allowed Claims, Ad Valorem Taxing Authorities with Allowed Secured Claims, Priority Claimants with Allowed Claims, Secured Creditors with Allowed Claims and Unsecured Creditors with Allowed Claims will receive their respective distributions according to the priority set forth herein in the form of cash from the proceeds of the sale of the Debtor's assets. At this time, there is no guarantee that Unsecured Creditors with Allowed Claims or the Debtor's members will receive distributions under the Plan. The Plan and its implementation, together with projections of income and expenses and the time frames governing completion of the Plan are found in the Debtor's Disclosure Statement for this Plan pursuant to §1125 of the Bankruptcy Code (the "Disclosure Statement"). The Debtor urges all Creditors and Parties in Interest to consult with their respective legal counsel

1

on the Plan and Disclosure Statement. In this regard, the Creditors and Interest Holders and Parties in Interest should not rely on any representations not contained in the Plan or Disclosure Statement in making a determination on voting on the Plan. A detailed discussion concerning the voting rights of Creditors and Interest Holders is contained in the Disclosure Statement.

# ARTICLE I
## Definitions

For the purposes of this Plan, the following terms shall have the following meanings, equally applicable to the singular and plural forms or the gender of the terms defined, unless the context clearly requires otherwise. These terms shall be designated, where such definition is applicable, with capital letters and those definitions shall be enforceable as terms of this Plan in conjunction with the respective matters to which they reference or define:

1.01. <u>Administrative Bar Date</u>: means the date that may be fixed by the Court for filing Administrative Claims in the Case pursuant to Bankruptcy Rule 3003(b); provided, however, if the Court extends the time for filing any given Claim, the date so set shall be the Bar Date with respect to that Claim, but only with respect to such Administrative Claim.

1.02. <u>Administrative Claim</u>: means any costs and/or expenses incurred in the administration of the Case under §503(b) of the Bankruptcy Code that, if allowable, would be entitled to priority under §507(a)(1) of the Bankruptcy Code.

1.03. <u>Allowed Administrative Claim</u>: means an Administrative Claim, proof of which was: (i) filed on or before the deadline to file such Administrative Claim as set forth herein, and a request for payment was filed with the Court and such claim was thereafter allowed by the Court, or (ii) is filed and allowed pursuant to <u>2.03.01</u> or <u>2.03.02</u> of the Plan.

1.04. <u>Allowed Claim or Interest</u>: means any Claim against or Interest in the Debtor: (i) proof of which was filed with the Court on or before the Bar Date or pursuant to paragraph <u>2.03</u>

herein; or (ii) the amount and validity of which has been determined by Final Order because of an objection or other proceeding filed with the Court; provided, however, that such Claim or Interest shall only be an Allowed Claim or Interest to the extent and in the amount identified in such Final Order.

1.05.   Allowed Unsecured Claims:  means an Unsecured Claim against the Debtor:  (i) proof of claim which was filed with the Court on or before the Bar Date, or, with leave of Court and without objection by any Party in Interest, late filed, and as to which no objection is filed by either Debtor or any Party in Interest; (ii) as to which the Claim is an Allowed Claim by Final Order; provided, however, that such Claim shall only be an Allowed Claim to the extent and in the amount identified in such Final Order or (iii) scheduled in the list of Unsecured Creditors, as may have been or may be amended, prepared and filed with the Court pursuant to Rule 1007(b) and not listed as disputed, contingent or unliquidated as to amount, as to which no objection to the allowance thereof has been interposed through the closing of this Case, or as to which any such objection has been determined by an order or judgment which is no longer subject to appeal or certiorari proceeding and as to which no appeal or certiorari proceeding is pending.  This category includes all claims deemed unsecured pursuant to Section 506(a) of the Bankruptcy Code.

1.06.   Avoidance Actions: means any actions commenced, or that may be commenced, before or after the Effective Date pursuant to Chapter 5 of the Bankruptcy Code, including, but not limited to, any transfers of any property to any "Insider" as defined at 11 U.S.C § 101 (31) avoidable under applicable law.

1.07.   Bankruptcy Code or Code:  means Title 11, U.S.C. §101 et seq., the statute of the United States, in effect on the Petition Date, and all amendments thereto, in effect on or before the Confirmation Date, or thereafter, only if specifically provided retroactive by any such amendment

and only to the extent such amendment may be valid and constitutional, and does not materially and adversely affect the interest of the Debtor, Creditors and Interest Holders or any other Party in Interest.  References in this Plan to "Section" or "Sections," unless otherwise specified, shall be to the Bankruptcy Code.

1.08.  <u>Bankruptcy Rule(s)</u>:  means the Federal Rules of Bankruptcy Procedure, as amended and prescribed under 28 U.S.C. ' 2075 (1978), applicable to the Case.

1.09.  <u>Bar Date</u>:  means February 4th, 2019.

1.10.  <u>Case</u>:  means the captioned Chapter 11 bankruptcy case, as commenced by TRESHA-MOB, LLC on its Petition Date.

1.11.  <u>Causes of Action</u>: means (i) Avoidance Actions; (ii) any and all liabilities, obligations, rights, suits, damages, judgments, claims, and demands whatsoever, whether known or unknown, in law, equity, or otherwise, including, but not limited to claims arising from any act or omission, including, but not limited to alter ego, piercing of the corporate veil, misconduct, misfeasance, malfeasance, breach of fiduciary duty, breach of duty of loyalty, breach of duty of care, negligence, gross negligence, fraud or any other intentional tort, and any civil conspiracy or civil RICO claims for such misconduct, and **(**iii) derivative claims and causes of action, including but not limited to veil piercing, alter ego and other similar causes of action. Causes of Action do not include any Claims owned by a non-Debtor individual or entity relating to a direct and particularized harm or injury which that individual/entity has exclusive standing to pursue. Furthermore, Causes of Action do not include the Debtor's accounts, commercial tort claims, rights of setoff or recoupment, claims, rights and/or damages relating to sums due and owing to it by its customers, tenants, contractors, suppliers, subcontractors and/or third parties.

1.12.  <u>Claim(s)</u>:  means a "claim" alleged or which is, in fact, due or assertable against the

Debtor as defined in §101(5) of the Bankruptcy Code and includes those Claims which are Allowed Claims and all those Claims which are not yet due, or which are unmatured, contingent and otherwise unliquidated.

1.13.    Class or Classification: means the particular Class designated in this Plan pursuant to §§1122 and 1129 of the Bankruptcy Code into which a Creditor's Allowed Claim may be included, as provided in this Plan, including Classification for voting, for distributions and for impairment.

1.14.    Closing: means the date on which the distributions under the Plan are to become effective,

1.15.    Confirmation:  means entry by the Court of an order confirming the Plan at or after a hearing pursuant to §1129 of the Bankruptcy Code.

1.16.    Confirmation Date:  means the date of Confirmation.

1.17.    Court or Bankruptcy Court:  means United States Bankruptcy Court for the Western District of Texas, San Antonio Division.

1.18.    Creditor(s):  means all persons or entities having Claims for debts, liabilities and demands of any character whatsoever, as defined in §101(10) of the Bankruptcy Code, including, but not limited to, future contingent Claims for unmatured potential liability of Claims of the United States Government and any agency or department thereof, and any other governmental authority, and whether or not the Creditor has an Allowed Claim.

1.19.    Debtor:  means TRESHA-MOB, LLC., the Debtor in this proceeding under Chapter 11 of the Bankruptcy Code.

1.20.    Disbursing Agent: means the Plan Trust acting through the Plan Trustee as authorized to make distributions to its Creditors with Allowed Claims and Interest Holders

pursuant to the provisions of the Confirmed Plan.

1.21.    Distribution Date:  means the date that is at least sixty (60) days after the Effective Date and is the date upon which distributions provided under this Plan are to be made, unless the Disbursing Agent is stayed from making such distributions.

1.22.    Effective Date:  means the date upon which Confirmation becomes a Final Order.

1.23.    Equity Security or Interest: means a membership ownership in TRESHA-MOB, LLC or similar security.

1.24.    Equity Security or Interest Holder: means an Entity holding an Allowed Equity Security or Interest.

1.25.    Executory Contract(s):  means any contract found to be of the nature referred to in §365 of the Bankruptcy Code as an Executory Contract which requires assumption and/or rejection by the Debtor.

1.26.    Exhibits:  means those items (i) attached to the Plan and incorporated herein by reference; and (ii) attached to the Approved Disclosure Statement and incorporated herein and therein by reference; and (iii) attached to the Order Confirming the Plan and incorporated herein and therein by reference.

1.27.    Final Order or Final Judgment:  means any order of the Court which is conclusive of all matters adjudicated therein, which is in full force and effect because the Final Order has not been:  (i) appealed, is not an allowed appeal or is denied review by certiorari or otherwise; or (ii) has not been reversed or modified; or (iii) which is not the subject of any pending appeal, review, rehearing, and is in all respects final and non-appealable.

1.28.    Plan Trust: means the trust created pursuant to Article V of this Plan for the purpose of administering the Trust Assets, and the trustee of which shall be the Plan Trustee. The Plan

Trust is governed by the "Plan Trust Agreement" which is attached hereto as Exhibit "A".

1.29.   Plan Trust Assets: means the assets transferred to the Plan Trust as more fully described herein and in the Plan Trust Agreement, which includes: (a) all cash, receivables and other personal property on hand in the Debtor's debtor-in-possession account on the Effective Date; (b) any and all Causes of Action. The Plan Trust Assets shall vest in the Plan Trust on the Effective Date.

1.30.   Plan Trustee: means the individual identified and appointed in the Order Confirming the Plan to serve as the trustee of the Plan Trust. Kell C. Mercer is proposed to serve as the initial Plan Trustee.

1.31.   Order Confirming the Plan:  means the Final Order pursuant to §1129 of the Bankruptcy Code, finding that the Debtor's  Plan meets the requirements of Chapter 11 of the Bankruptcy Code and is entitled to Confirmation, and which may contain such other provisions, orders, findings, modifications and judgments which by the terms of the Plan or the Bankruptcy Code are appropriate and necessary to carry forward this Plan to Substantial Consummation, including the Exhibits (as may be amended or modified).

1.32.    Order for Relief Date: means October 10th, 2018, the date on which the United States Court for the Western District of Texas, San Antonio Division entered the order granting relief against the Debtor.

1.33.   Petition:  means the Voluntary Petition filed on October 10th, 2018, by the Debtor, under §303 of the Bankruptcy Code commencing this Case.

1.34.   Petition Date:  means October 10th, 2018, the date on which the Petition was filed.

1.35.   Plan:  means this Plan of Reorganization, including any modifications, amendments or corrections made in accordance herewith under the provisions of the Bankruptcy Code.

1.36.   Priority Claim: means any Claim other than an Administrative Claim entitled to priority under Section 507(a) of the Bankruptcy Code.

1.37.   Pro Rata or Pro Rata Share:  means the amount which is the result of multiplying the net proceeds or total proposed dividend owing to a named Class of Creditors pursuant to the terms of this Plan, by that fraction in which the numerator is the amount of the particular Creditor's Allowed Claim of the named Class and the denominator is the amounts of all Creditors' Allowed Claims of the named Class.

1.38.   Professional Fee(s):  means the Allowed Claim for, or the amount charged by attorneys, accountants, appraisers, or other professionals and reimbursement of expenses reasonably incurred in rendering such professional services which are:

> (i)    allowed pursuant to the Bankruptcy Code and entitled to priority status in priority to or as Administrative Claims pursuant to §327, 330, 331, 503(b)(3)(D), 507(a)(1), 1102 and 1103 of the Bankruptcy Code; and/or

> (ii)   allowed under the Plan after the Effective Date for services rendered after the Effective Date when approved by the Court, and only to the extent reasonable under existing case law either at law or in equity.

1.39.   Rejection Claim:  means any Claim arising by reason of rejection by the Debtor of a contract or lease pursuant to §365 or 1123(b)(2) of the Bankruptcy Code.

1.40.   Revested Debtor:  means TRESHA-MOB, LLC, as revested with any property not transferred to the Plan Trust.

1.41.   Settled Claim(s), Settlement(s) or Settle(d):  means Allowed Claims resulting from either the terms of agreements regarding disputed Claims approved by Final Order reached by and between:

> (i)    the Creditors having disputed, unliquidated, contingent or non-Allowed Claims; and

(ii)     the Debtor-in-Possession prior to the Effective Date and, after the Effective Date, the Plan Trust, as the case may be, during the Case;

which fully liquidates and renders undisputed any Claim which is thereafter deemed an Allowed Claim.

1.42.   <u>Unsecured Claim</u>:   means any Allowed Claim that is: (i) deemed unsecured pursuant to §506(a) of the Bankruptcy Code, (ii) for penalty and/or interest on a Tax Claim, (iii) a Rejection Claim, or (iv) not otherwise provided for in the Plan.

1.43.   <u>Unsecured Creditor(s)</u>:  means all Creditors holding Allowed Unsecured Claims.

A term in the Plan not otherwise defined herein but used or defined in the Bankruptcy Code or Bankruptcy Rules shall have the definition assigned to such term in the Bankruptcy Code or Bankruptcy Rules.

## ARTICLE II
## <u>Certain General Terms and Conditions</u>

2.01.   <u>Classification, Satisfaction and Treatment of all Claims as defined in the Plan</u>: Various types of Claims are defined in this Plan.  This Plan shall control all matters involving Classification, satisfaction and treatment of all Claims against and Interests in the Debtor.  The Plan is intended to satisfy, in the manner specified herein, all Claims against the Debtor of whatever character, whether contingent or liquidated, known or unknown, and whether Allowed Claims.  ONLY ALLOWED CLAIMS, INCLUDING, BUT NOT LIMITED TO ALLOWED SECURED AND UNSECURED CLAIMS AND EQUITY INTEREST HOLDERS WILL RECEIVE THE TREATMENT AND DISTRIBUTIONS SPECIFIED BY THE PLAN.  UPON THE EFFECTIVE DATE, THE DEBTOR AND THE PLAN TRUST SHALL BE RELEASED AND DISCHARGED FROM ALL DEBTS AND LIABILITIES INCURRED PRIOR TO THE

CONFIRMATION DATE TO THE EXTENT PROVIDED IN SECTION 1141 OF THE BANKRUPTCY CODE AND THE PLAN TRUST AND THE REVESTED DEBTOR, RESPECTIVELY, SHALL OWN ALL OF THEIR PROPERTY (OTHER THAN THE ASSIGNED ASSETS) SUBJECT ONLY TO THE CLAIMS AND INTERESTS OF CREDITORS AND INTEREST HOLDERS, IF ANY, AND LIENS AND ENCUMBRANCES, IF ANY, AS SPECIFICALLY SET FORTH IN THE PLAN AND THE LIMITATIONS IMPOSED BY SECTION 1141.

2.02    <u>Disbursing Agent</u>: The Plan Trust shall serve as Disbursing Agent for all distributions to its Creditors with Allowed Claims and Interest Holders under the Plan.

2.03.    <u>Time for Filing Claims</u>:

2.03.01.    Only Proofs of Claim filed before the Bar Date and for Claims assertable and arising prior to the Order for Relief Date, whether such Claim was listed as disputed, undisputed, contingent, liquidated or unliquidated in the Debtor's schedules filed in the Case, and all Claims assertable and arising during the Case, excluding Rejection Claims and Administrative Claims for Professional Fees, shall be Allowed Claims, unless the Court disallows a Claim after notice of an objection to the Claim and opportunity for hearing.  If a Claimant has already filed a Proof of Claim with the Bankruptcy Clerk, another Proof of Claim need not be filed by such Claimant, unless such previously filed Proof of Claim does not state the total dollar amount of the indebtedness owed to such Claimant, including, without limitation, penalties and/or interest on such Claim.  Claims filed pursuant to assumption or rejection of Executory Contracts should also refer to Section VI of the Plan for special requirements regarding their Claims.  The Debtor and the Plan Trust each reserve the right to dispute or to assert offsets or defenses against any Claims as to amount, liability or status. THE DEBTOR SHALL BE DISCHARGED FROM ANY AND

ALL LIABILITY FOR ALL UNSECURED, SECURED AND ADMINISTRATIVE CLAIMS AND CLAIMS OF EQUITY OR INTEREST HOLDERS UPON CONFIRMATION OF THIS PLAN TO THE EXTENT PROVIDED IN SECTION 1141, AND THE CREDITOR OR EQUITY OR INTEREST HOLDER HOLDING SUCH CLAIM SHALL BE FOREVER BARRED FROM ASSERTING SUCH CLAIM AGAINST THE REVESTED DEBTOR, THE PLAN TRUST, THE PLAN TRUSTEE, THE PLAN TRUST ASSETS, AND THE REVESTED DEBTOR'S ASSETS EXCEPT AS MAY BE OTHERWISE PROVIDED IN SECTION 1141 OF THE BANKRUPTCY CODE.

2.03.02.   All Administrative Claims in the Case for Professional Fees under §330, including, but not limited to attorneys' and accountants' fees, which arose on or before the Confirmation Date shall be filed with the United States Bankruptcy Clerk in San Antonio, Texas within ninety (90) days after the Effective Date.  If these Claims are not filed on or before the respective deadlines, such Claims shall not be allowed, unless the Court has ordered otherwise or orders otherwise.  All other Administrative Claims shall have been or shall be filed before the Administrative Bar Date, which the Court will set on or before the Confirmation Date.  If these claims are not filed on before the Administrative Bar Date and a hearing on their allowance is not requested, then such Administrative Claims shall be disallowed, unless the Court has ordered otherwise or orders otherwise.  The Debtor and the Plan Trust each reserves the right to dispute or to assert offsets or defenses against any Claims as to amount, liability or status.

2.04.   <u>Modifications to the Plan</u>:  This Plan may be modified or corrected upon motion of the Debtor pursuant to Section 1127 and Bankruptcy Rule 3019 prior to Confirmation. Modifications or corrections may be made without additional disclosure pursuant to Section 1125 provided that the Court finds that the modifications or corrections do not adversely affect any

Claim or Interest or Classes of Claims or Interests. After the Confirmation Date, the Plan Trust, upon order of the Court and in accordance with Section 1127(b), may remedy any defect or omission or reconcile any inconsistencies in the Plan in such a manner as may be necessary to carry out the purposes and intent of the Plan.

## ARTICLE III
## Division of Creditors and Interest Holders into Classes

3.01.    <u>Administrative Claimants</u>: Claimants holding Allowed Administrative Claims relative to the Case, including the U.S. Trustee's Claim for allowed fees.

3.02.    <u>Summary of Classes</u>

1.    <u>Administrative Claimants</u>: Creditors holding Allowed Administrative Claims relative to the Case, including professional fees, post-petition, court approved indebtedness and the U.S. Trustee's Claim for allowed fees;

4.    <u>Class 1</u>:  The Morales Firm, to the extent that it holds an Allowed Secured Claim;

5.    <u>Class 2</u>: Mechanics' Lienholders to the extent that they hold Allowed Secured Claims;

6.    <u>Class 3</u>: Creditors holding Allowed Priority Claims against the Debtor;

7.    <u>Class 4</u>: Non-Insider Creditors Holding Allowed Unsecured Claims against the Debtor;

8.    <u>Class 5</u>:  Insiders Holding Allowed Unsecured Claims against the Debtor; and

9.    <u>Class 6</u>: Equity Security or Interest Holders.

## ARTICLE IV
## Treatment of Classes

4.     Treatment of Classes

4.01.   Unimpaired Classes: Claimants in Classes 1 through 6 shall be paid in full in cash upon the allowance of their Claims, except as may be otherwise agreed upon in writing between the Debtor and each respective Claimant.  Furthermore, all Allowed Administrative Claims and all trade debts, if any, and all other obligations incurred in the normal course of business by the Debtor after the Petition Dates shall be paid in full on the Effective Date or when due in the ordinary course of business. Such payments shall be distributed from the cash on hand on the Initial Distribution Date or when the Claims are Allowed.

4.01.01.       Class 1: The Plan Trust shall, upon the later of:

(a) the Initial Distribution Date and to the extent that the Debtor still has funds from the sale of its real property and improvements, or

 (b) the allowance of the Class 3 Claim as a secured claim, pay the Class 1 Creditor its share of the sale proceeds or collected funds in order to partially or fully satisfy the Class 1 Creditor's Allowed Claim. To the extent that the Class 1 Creditor is not paid in full, the unpaid portion of such Claim shall become a Class 4 Claim.

4.01.02.       Class 2: The Plan Trust shall, upon the later of:

(a) the Initial Distribution Date and to the extent that the Debtor still has funds from the sale of its real property and improvements, or

(b) the allowance of each Class 2 Claim as a secured claim,

pay (according to lien/security interest priority and only after full payment of the Class 1 t Claims) the Class 2 Creditor its share of the sale proceeds or collected funds in order to partially or fully satisfy the Class 2 Creditor's Allowed Claims. To the extent that any or all of the Class 2 Creditors are not fully paid from the real property and improvements sale proceeds, the unpaid portion of such Claim shall become a Class 4 Claim. The Claims allowance process shall be governed by

Article VIII below.  For clarity, each Class 2 Creditor shall be paid pursuant to this Section as its Claim is Allowed.  Such Creditor shall not be required to wait for payment until all Class 2 Claims are Allowed.

4.01.03.    Class 3: The Plan Trust shall, upon the later of:

(a) the Initial Distribution Date and to the extent that the Debtor still has funds from the sale of its real property and improvements, or

(b) the allowance of each Class 3 Claim,

pay (only after full payment of all Administrative Claims and the Class 1 and 2 Claims) the Class 3 Creditors their respective pro rata share of the remaining sale proceeds in order to partially or fully satisfy the Class 3 Creditor's Allowed Claims.  To the extent that any or all of the Class 3 Creditors are not fully paid from the real property and improvements sale proceeds, the Debtor shall pay the unpaid portion of such Claim as set forth below and/or from any additional funds that the Debtor collects after the Effective Date. The Claims allowance process shall be governed by Article VIII below. For clarity, each Class 3 Creditor shall be paid pursuant to this Section as its Claim is Allowed.  Such Creditor shall not be required to wait for payment until all Class 3Claims are Allowed.

4.01.04.    Class 4 The Plan Trust shall, upon the later of:

(a) the Initial Distribution Date and to the extent that the Debtor still has funds from the sale of its real property and improvements, or

(b) the allowance of each Class 4 Claim,

pay (only after full payment of all Administrative Claims and the Class 1 through 3 Claims) the Class 4 Creditors their respective pro rata share of the remaining sale proceeds in order to partially or fully satisfy the Class 4Creditor's Allowed Claims.  To the extent that any or all of the Class 4

Creditors are not fully paid from the real property and improvements sales proceeds, the unpaid portion of such Claim shall be paid (only after the Class 3 Claims are paid in full) by the Debtor as set forth below and/or from any additional funds that the Debtor collects after the Effective Date. The Claims allowance process shall be governed by Article VIII below. For clarity, each Class 4 Creditor shall be paid pursuant to this Section as its Claim is Allowed. Such Creditor shall not be required to wait for payment until all Class 6 Claims are Allowed.

4.01.05.    Class 5: The Plan Trust shall, upon the later of:

(a) the Initial Distribution Date and to the extent that the Debtor still has funds from the sale of its real property and improvements, or

(b) the allowance of each Class 5 Claim,

pay (only after full payment of all Administrative Claims and the Class 1 through 4 Claims) the Class 5 Creditors their respective pro rata share of the remaining sale proceeds in order to partially or fully satisfy the Class 5 Creditor's Allowed Claims. To the extent that any or all of the Class 5 Creditors are not fully paid from the real property and improvements sale proceeds, the unpaid portion of such Claim shall be paid (only after the Class 1 through 4 Claims are paid in full) by the Debtor as set forth below and/or from any additional funds that the Debtor collects after the Effective Date. The Claims allowance process shall be governed by Article VIII below. For clarity, each Class 5 Creditor shall be paid pursuant to this Section as its Claim is Allowed.

4.01.06.    Class 6: After all Administrative Claims and post-Effective Date expenses (including the Debtor's manager's compensation and professional fees) of winding down the entity are paid and Class 1through 5 Claims are paid in full, the Class 6 Equity Interest holders shall receive the remaining available funds according to their respective percentage ownership interest in the Debtor at the time of the payments.

4.02.   Impaired Classes:   None

## ARTICLE V.
## Means for Execution of the Plan

5.01.   The Debtor is empowered to take such actions as may be required to effectuate the Plan, and shall execute such documents, as may be reasonable and necessary to consummate the Plan.

5.01.01.   Creation of the Plan Trust.   Effective as of the Effective Date, the Trust is hereby created. The Trust shall be governed by this Plan and the Plan Trust Agreement attached hereto as Exhibit "A".  Upon creation of the Plan Trust, Kell C. Mercer, who has served as the sole-manager of the Debtor-in-Possession, shall resign as the sole-manager of the Revested Debtor. The Plan Trustee shall serve, pursuant to section 5.01.01.I of the Plan, as the individual authorized to wind-up and dissolve the Revested Debtor.

5.01.01.A.   Control and Management. The Plan Trust shall be under the sole control and management of the Trustee, who, at all times, shall serve as the trustee of the Trust.

5.01.01.B.   Replacement.   In the event of disability, death, or resignation of the Trustee, the Trustee's successor shall be appointed by the Bankruptcy Court.

5.01.01.C.   Fiduciary. The Trustee shall owe such fiduciary duties and responsibilities to the Trust and its beneficiaries as are otherwise appropriate under common law, but only extent that such duties and responsibilities are not modified in this Plan. Each Creditor with an Allowed Claim, including but not limited to Administrative Expense Claims, payable by the Trust and Interest Holder shall be a beneficiary of the Trust in the order of priorities set forth under this Plan.

5.01.01.D.   Vesting. Automatically on the Effective Date, and without need for further order, document, action, or instrument, all Plan Trust Assets shall automatically vest with the Plan

Trust free and clear of all claims, liens, interests, and encumbrances, except for any claims, liens, interests, and encumbrances that are specifically and explicitly preserved by or created under this Plan. All such claims, liens, interests and encumbrances, if any, remain attached to any property transferred to the Plan Trust with the same validity, extent, and priority as otherwise exists and as provided for in this Plan, and without need for further order, document, action, or instrument, with the same validity, extent, and priority as otherwise exists, but subject to all requirements applicable to the same under this Plan and subject to any and all defenses, counterclaims and other objections that may be held by the Debtor or its Estate, all of which shall also automatically transfer to the Plan Trust as of the Effective Date. Any property that does not transfer to the Plan Trust shall vest in the Revested Debtor. The Trustee shall be deemed to be the legal successor to the Estate for all purposes.

     5.01.01.E.    <u>Powers and Duties of the Trus</u>tee. The sole purpose, and the sole duty, of the Plan Trust is to administer its assets for the benefit of holders of Allowed Claims and Interest Holders that attach to the Plan Trust by reasonably maximizing the value and recovery of said assets and by providing distributions, if any, to the Creditors and Interest Holders entitled to distributions from the Plan Trust under this Plan. The Plan Trustee shall have all powers, rights, and duties related or necessary thereto including, but not limited to: (i) objecting to Claims or seeking the subordination of one or more Claims, in either event if the Plan Trust is otherwise responsible for the payment of said Claims; (ii) entering into and granting settlements, releases, and compromises, for which approval from the Bankruptcy Court shall not be required; (iii) retaining professionals and advisors, including attorneys, accountants as the Plan Trustee deems appropriate and advisable, and to pay such professionals as professionals and expenses of administration of the Plan Trust, without the need for Bankruptcy Court approval or authorization;

(iv) making payments and distributions under this Plan; (v) selling or transferring the Plan Trust Assets in compliance with this Plan; (vi) paying post-confirmation United States Trustee fees as they come due until the case is dismissed, converted or closed by final decree; (vii) filing post-confirmation quarterly operating reports until the case is dismissed, converted or closed by final decree; (viii) complying with all applicable laws; and (ix) filing tax return information and other information required to be filed, and paying any corresponding taxes. Unless specifically controlled by a provision of this Plan, the Plan Trustee shall have broad discretion in managing the Plan Trust and the Plan Trust Assets, and in fulfilling his duties and the purposes of the Plan Trust.

After the Effective Date, the Plan Trustee may investigate and evaluate Causes of Action and determine not to pursue such Causes of Action. In such case, so long as all Allowed Claims have been paid in full, prior to abandoning such Causes of Action, the Plan Trustee shall offer to assign any such Cause(s) of Action to the Interest Holders. Should any Interest Holder elect to take assignment of such Cause(s) of Action, the Trustee shall, by quit-claim assignment, transfer and assign all such rights to such electing Interest Holder. If more than one Interest Holder elects to take assignment of such Cause(s) of Action, the Trustee may, considering all relevant factors, in his reasonable business judgment, chose one Interest Holder over another. A relevant factor to such consideration by the Plan Trustee shall be whether or not an electing Interest Holder is a target, directly or indirectly, of such Cause(s) of Action. The Plan Trustee shall favor making assignment to the non-target over the target in any such consideration. Any dispute over the exercise of the Plan Trustee's reasonable business judgment shall be heard by the Bankruptcy Court.

5.01.01.F.  <u>Liabilities of Plan Trustee</u>. No recourse shall ever be had, directly or indirectly, against the Plan Trustee, in his individual capacity, by legal or equitable proceedings or otherwise, by virtue of any contract, agreement, promise, undertaking, covenant, instrument or other writing executed by the Trustee for any authorized purpose in the administration of the Plan Trust, it being expressly understood and agreed that all such liabilities, whether in writing or otherwise, shall be enforceable, to the extent valid, only against, and shall be satisfied only by, the Plan Trust and the Plan Trust Assets. Provided the Plan Trustee acts in good faith, he shall not personally be liable for any action or omission in the administration of the Plan Trust, and shall be indemnified by the Plan Trust against any and all claims, causes of action and liability, including all expenses and defense costs, associated with, and shall be held harmless by the Plan Trust against, each such action and omission, except to the extent that such action or omission constitutes willful misconduct. Neither the Plan Trustee, whether in his individual capacity or as the Plan Trustee of the Plan Trust, nor the Plan Trust, shall have any liability to any beneficiary of the Plan Trust for any damages allegedly suffered by such beneficiary as a result of the Plan Trustee's good faith administration of the Plan Trust. As to all legal matters, the Plan Trustee shall be entitled to rely upon the advice and opinions of his counsel.  The Plan Trustee shall be responsible for the filing of any and all quarterly reports required by the United States Trustee or under applicable law and for paying post- Effective Date statutory fees owed to the United States Trustee.

5.01.01.G.  <u>Compensation of the Plan Trustee</u>. The Plan Trustee shall be compensated on an hourly basis at the rate of $300.00 per hour, subject to customary, periodic increases in the normal course of the Plan Trustee's business, as provided in the Plan Trust Agreement, and shall be reimbursed for his reasonable expenses, all from the Plan Trust and from the Plan Trust Assets.

5.01.01.H.  <u>Termination of Plan Trust</u>. The duties, responsibilities and powers of the

Plan Trustee and the Plan Trust shall terminate after all Plan Trust Assets have been finally distributed or abandoned to the Interest Holders in accordance with this Plan.

5.01.01.I.    <u>Windup and Termination of the Revested Debtor</u>. On a date selected in the Plan Trustee's reasonable discretion following the Effective Date, the Plan Trustee shall take all necessary steps to wind up and dissolve the Revested Debtor. All fees and expenses of the Plan Trustee in completing these actions shall be paid by the Plan Trust and the Plan Trust Assets.

5.01.01.J.    <u>Tax Treatment of Plan Trust</u>. The Plan Trust shall be considered a "grantor" trust for federal income tax purposes, as to which the Estate shall be deemed to be the grantor. To the extent required by law, the Plan Trustee shall cause the Plan Trust to file any and all returns required for the Plan Trust (if any), and shall further cause the Plan Trust to timely satisfy all undisputed tax assessments against the Plan Trust and the Debtor, as provided herein. The Plan Trust shall not have any separate liability for federal income taxes relating to, or arising from, the conveyance, operation or liquidation of the Plan Trust Assets.  None of the transfers provided for in this Plan, including the transfer of property to the Plan Trust, shall subject the Debtor, Estate, or Plan Trust to any transfer, sale, bulk sale, or stamp tax.

5.01.01.K.    <u>Cash Distributions Under the Plan</u> The Plan Trust acting through the Plan Trustee, in its sole discretion and pursuant to the terms of the Plan, will make the first transfers and distributions required by this Plan upon the later to occur of (i) the date set forth in Article IV above, or (ii) as soon as practicable after a Final Order is entered allowing the holder's Claim or Interest, or (iii) as otherwise provided by order of the Court.  No distribution or transfer shall be made, however, which would result in any Creditor receiving more than is specifically provided for in this Plan.

5.01.02.    <u>Manner of Payments:</u>  Payments to be made by the Plan Trust acting through

the Plan Trustee pursuant to the Plan shall be made by check drawn on a domestic bank from a domestic bank.

5.02. <u>Cramdown</u>: The Court may confirm the Plan even though fewer than all Classes of Creditors or Class of Interest holders have accepted the Plan. In the event that any impaired class of Creditors or Class of Interest holders fails to accept the Plan by adequate vote as described in Sections 1126 and 1129(a), the Debtor may request the Court to confirm the Plan in accordance with Section 1129(b) of the Code. Furthermore, to the extent that the Plan does not embody certain provisions setting forth the circumstances apprehended by Section 1129(b), the Debtor may amend or modify the Plan to include such provisions should it become necessary to confirm the Plan under cramdown.

5.03. <u>Unclaimed Distributions</u>: In the event that the Debtor is unable to locate a holder of a Claim or Interest in order to make such distribution as herein provided, the Debtor shall hold such distribution for the benefit of such Claim until all payments and transfers are made pursuant to this Plan, then such distributions or property shall be paid Pro Rata to the members of the last Class that the Debtor paid but did not completely and fully satisfy the Class members' Allowed Claims.

5.04. <u>Documentation</u>: The appropriate documentation for each transaction contemplated herein shall be subject to the approval of the Court as requested.

5.05. <u>Funding of the Plan</u>: The distributions and payments provided for in the Plan shall be funded by the Debtor's cash on hand at Confirmation and the proceeds from the sale of the Debtor's remaining assets as transferred to the Plan Trust. Furthermore, the Plan Trust shall investigate and, if deemed advisable, pursue the Causes of Action described <u>in Exhibit "B"</u> .

5.06. <u>Controversy Concerning Impairment</u>: In the event of a controversy as to whether

any Creditor(s) or Interest holders or classes of Creditors are impaired under the Plan, the Bankruptcy Court shall, after notice and hearing, determine such controversy. To the extent that the Court finds that a Class of Creditors or a Creditor(s) is impaired where designated as unimpaired, that Creditor or Class of Creditors may file a vote, notwithstanding other provisions, at the time of Confirmation. If determined to be unimpaired, the Creditor or Class of Creditors shall be deemed to accept the Plan as provided in Section 1126(f).

### ARTICLE VI
### Executory Contracts and Unexpired Leases

6.01.    The Debtor rejects, pursuant to Section 365, each and every Executory Contract as of the Confirmation Date, except those specifically assumed prior to the Effective Date or which are the subject of a motion to assume at the time of the confirmation hearing. In connection herewith, if the Debtor has not done so already, the Debtor shall, upon the sale of its assets, assume and assign various executory contracts described in any asset purchase agreement approved by the Bankruptcy Court.

6.02.    Rejection Claims must be filed with the United States Bankruptcy Clerk in San Antonio, Texas within thirty (30) days after Confirmation. Any objections to such Rejection Claims shall be filed as provided in Article VIII.

### ARTICLE VII
### Effect of Confirmation, Release and Binding Effect

7.01.    Confirmation of the Plan shall operate as a discharge of the Debtor, the Revested Debtor, and the Plan Trust from all Claims to the extent provided under Section 1141.

7.01.01.    The treatment of Claims and Interests in the Plan shall be deemed in exchange for and shall constitute the complete satisfaction and release of all Claims of any nature whatsoever against the Debtor, the Revested Debtor, and the Plan Trust or any of its assets or

properties except where otherwise specifically provided herein.

7.01.02. Except as specifically provided herein, the Plan shall discharge and satisfy all obligations of or Claims against the Debtor, the Plan Trust, and the Revested Debtor with respect to any liability or obligation of the Debtor, or the Estate which arose prior to the Confirmation Date, to the extent provided in Section 1141, including, but not limited to:

(a)     curing or providing for compliance with regard to any violations by either Debtor, of or conflicts with any regulations or licensing requirement, or of any judgment, decree, order, statute, rule or regulation of any court or any public, governmental or regulatory agency or body having jurisdiction over the Debtor;

(b)     any unfair labor practices or discrimination claims, complaints or charges filed or threatened against the Debtor;

(c)     any and all taxes, whether income, excise, corporate, franchise, property, sales, use, payroll withholding or otherwise, incurred or assessed that may be apportioned to the Debtor; and

(d)     Any and all unsecured claims, secured claims or other claim, including, but not limited to all environmental claims that can be asserted by any governmental agency, body or entity or pursuant to any local, state or federal ordinance, regulation, law or statute (including, but not limited to, the CERCLA Act of 1980 (42 U.S.C.§9601, et seq. or any federal or state clean water or air, hazardous material or waste act).

7.02.     Upon the Confirmation Date, the Plan Trust and the Revested Debtor shall be released by all Creditors and Interest Holders including, but not limited to, the Class 1-5 Creditors and Class 6 Equity Holders, Creditors with Disallowed Claims and all Parties in Interest from all forms of liability on all Claims against the Debtor and its agents arising prior to the Confirmation

Date; and all holders of such Claims, as well as all holders of any other or further Claim based upon any act, debt, claim or omission, transaction or other activity of any kind or nature whatsoever that occurred prior to the Confirmation Date, shall be forever barred from asserting such Claims against, or seeking to impose personal liability upon, the Debtor and its successors or assigns and their assets or properties.

7.03.    Except as otherwise provided herein, upon the Effective Date, all Claims against the Debtor shall be satisfied and released in full and all holders of such Claims as well as all holders of any other or further Claim or Equity Interest based upon any act, debt, claim or omission, transaction or other activity of any kind or nature that occurred prior to the Confirmation Date, shall be precluded from asserting such Claims against the Debtor, Revested Debtor, its successors or assigns and their assets or properties.

7.04.    Upon the Order Confirming the Plan becoming a Final Order, the provisions of the Plan will bind the Debtor, the Plan Trust, the Revested Debtor and all Creditors and Interest Holders, all governmental agencies or entities and parties-in-interest, whether or not they accept the Plan.

7.05.    This Plan is binding in accordance with §1141 of the Bankruptcy Code.   The automatic stay provided by §362 will terminate on the Effective Date.

7.06.    On the Confirmation Date, the Debtor shall be relieved of all further obligations to file Monthly Operating Reports with the Bankruptcy Court.  However, the Plan Trust shall make all post-confirmation payments to the United States Trustee as may be required pursuant to 28 U.S.C. §1930(a)(6) and until the Bankruptcy Case has been closed by the Bankruptcy Court or converted to another chapter under the Bankruptcy Code, shall provide to the United States Trustee such financial reports as the United States Trustee may reasonably request.

## ARTICLE VIII
### Procedures for Resolving Disputed Claims and Interests
### and Disputed Claims Reserve

8.01.    The Plan Trust or any other Party in Interest may object to any Claim.   All objections to Claims must be filed within one hundred eighty days (180) after the Effective Date, except with respect to those Claims otherwise provided for in Section 2.04.02, upon which all objections must be filed within ninety (90) days after such Claims are filed.

8.02.    The objecting party shall litigate to Final Judgment, settle or withdraw objections to disputed Claims.   All Professional Fees of the Plan Trust incurred in the prosecution of objections to Claims shall be paid as expenses of the Plan.

8.03.    In determining the amount of the distribution due the holders of Allowed Claims prior to the resolution of all Claim disputes, the appropriate Pro Rata calculations pursuant to the Plan shall be made as if all disputed Claims were Allowed Claims in the full amount claimed by the holders thereof; provided however, that the Court may estimate a lesser amount for a Claim holder to be used in such Pro Rata calculation or the Debtor and the disputed Claim holder may agree upon a distribution in an amount less than that claimed.

8.04.    The Debtor shall hold and separately account for distributions in respect to disputed Claims under paragraph 8.03 (the "Disputed Claims Reserve").

8.05.    At such time as a disputed Claim becomes an Allowed Claim, the distributions reserved for such Allowed Claim shall be released from the Disputed Claims Reserve and delivered to the holder of such Allowed Claim.   In the event that, or to the extent that, a disputed Claim is disallowed, the distributions reserved for such Claim shall be released from the Disputed Claims Reserve for Pro Rata distribution to Allowed Claims within 20 days of the determination it is an Allowed Claim.

8.06.    Except as the Court may order otherwise pursuant to paragraph 8.03 hereof, no payments or distribution shall be made with respect to all or any portion of a disputed Claim unless and until all objections to that Claim have been determined by Final Order.   Payments and distributions to each holder of a disputed Claim, to the extent that it ultimately becomes an Allowed Claim, shall be made in accordance with the provisions of the Plan with respect to the Class of Claim in which the respective holder is a member.

### ARTICLE IX
### Retention of Jurisdiction

9.01.    The Court shall retain jurisdiction over this Case after Confirmation pursuant to, and for the purposes set forth in, Section 1127(b) for the following purposes:

(a)  To determine all controversies relating to or concerning the Classification, allowance or satisfaction of Claims;

(b)    To determine any and all pending applications for the rejection or assumption and/or assignment, as the case may be, of Executory Contracts and unexpired leases to which each Debtor is a party or with respect to which the Debtor may be liable, and to determine and, if necessary, to liquidate, any and all Claims arising therefrom;

(c)    To determine any and all applications, adversary proceedings, and contested or litigated matters properly before the Court, including, without limitation, and any proceeding commenced for the purpose of avoiding, recovering or preserving for the benefit of the estate or the Plan Trust any transfer of property, obligation incurred by the Debtor, lien or set-off.

(d)    To determine any dispute arising under this Plan and to make such orders as are necessary or appropriate to carry out the provisions of the Plan including to approve or determine controversies concerning closing documentation;

(e)    To grant extensions of any deadlines set herein;

(f)    To hear and determine all requests for compensation and/or reimbursement of expenses which may be made after Confirmation;

(g)    To enforce all release provisions under this Plan;

(h)    To modify the Plan pursuant to paragraph 2.05 and the Bankruptcy Code; and

(i)     In addition, and at any time, the Court may make such orders or give such direction as may be appropriate under Section 1142.

## ARTICLE X
## Default Provision

10.01.  Procedure for Default:

In the event of a non-monetary or monetary default by the Plan Trust under the Plan, the affected Creditor shall provide written notice of such default to:

> Kell C. Mercer, Plan Trustee
> 1602 E. Cesar Chavez Street
> Austin, Texas 78702
> kell.mercer@mercer-law-pc.com
> (512) 627-3512

> **AND**

> William B. Kingman
> Law Offices of William B. Kingman, P.C.
> 3511 Broadway
> San Antonio, Texas 78209

> **AND**

> Eric B. Terry
> Eric Terry Law, PLLC
> 3511 Broadway
> San Antonio, Texas 78209

by United States certified mail-return receipt requested, and by United States first class mail, postage prepaid.  The Plan Trust shall have thirty (30) days from the earlier to occur of:  (i) the date of receipt of the written notice sent by certified mail, or (ii) the date of receipt of the written notice sent by first class mail to cure the default (For the purposes of the written notice by United States first class mail, postage prepaid, such notice will be deemed received five (5) days after depositing the same in the United States mail).  In the event the Plan Trust does not cure the default within the thirty (30) day period provided herein, the affected Creditor or Interest Holder shall be

entitled to pursue its state and/or federal law remedies –as limited by the Plan– without further notice or hearing before the Court.

## ARTICLE XI
### Closing

11.01.  Provisions for Closing Case: Within thirty (30) days of the date upon which the Plan Trust makes the first distribution to all Creditors in Class 4  (such date being the date of the substantial consummation of the Plan), the Plan Trust shall apply to the Bankruptcy Court for entry of a Final Decree in the Case.  Pursuant to Section 350 and Bankruptcy Rule 3022, the Final Decree shall close the Case and make provisions by way of injunction or otherwise as may be equitable.

Respectfully submitted on July 3rd, 2019.

**TRESHA-MOB, LLC**

By:_____*/s/ Kell C. Mercer*_____
                Kell C. Mercer, Manager

**CERTIFICATE OF SERVICE**

     I hereby certify that a true and correct copy of this document has been served on July 3rd, 2019 to all parties receiving notifications in this matter via Court's ECF System, including the following parties:

David S. Gragg
Peter L. Kilpatrick
Langley & Banack Inc.
Trinity Plaza II, Suite 700
745 East Mulberry
San Antonio, Texas 78212

H. Anthony Hervol
Law Office of H. Anthony Hervol
4414 Centerview Drive, Suite 200
San Antonio, Texas 78228

 Calley D. Callahan
Knolle, Holcomb, Callahan & Taylor
13625 Ronald W. Reagan Blvd.
Building ONE, Suite 100
Cedar Park, TX 78613

Steve Alfonso Chiscano
Gonzalez Chiscano Angulo &
Kasson, PC
9601 McAllister Freeway, Suite 401
San Antonio, TX 78216

Ray Battaglia
Law Offices of Ray Battaglia, PLLC
66 Granburg Circle
San Antonio, TX 78218

J. Scott Douglass
Attorney at Law
1811 Bering Dr., Suite 420
Houston, Texas 77057

Misty Segura
1221 Lamar St., 16th Floor
Houston, TX 77010-3039

Don Stecker
711 Navarro, Ste. 300
San Antonio, TX 78205-1749

US Trustee's Office
615 E. Houston St., Ste. 533
San Antonio, TX 78295-1539

                 */s/ William B. Kingman*_____